UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                               CASE NO. 20-20180-CR-BLOOM

CRISTIAN GULLERMO
    GARCIA-LOPEZ,

    Defendant.
_____/

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND MEMORANDUM OF LAW

    COMES NOW, the Defendant, CRISTIAN GULLERMO GARCIA-LOPEZ, by and through his undersigned counsel and files these Objections to the Presentence Investigation Report. In support, Mr. Garcia-Lopez states as follows:

## OBJECTIONS

    1. Defendant objects to paragraphs 11 and 19 of the Presentence Investigation Report, hereinafter referred to as "PSI." Mr. Garcia-Lopez seeks a two (2) level minor role adjustment/reduction in this case under 3B1.2(b). *See* Memorandum of Law below.

    2. Defendant objects to paragraph 21 of the PSI. The adjusted offense level is 28.

    3. Defendant objects to paragraph 25 of the PSI. The total offense level is 25.

    4. Defendant objects to paragraph 54 of the PSI. Based on a total offense level of 25 and a criminal history category of I, the guideline imprisonment range is 57 to 71 months.

5. Defendant seeks a downward variance based on Defendant being a first time offender, family needs, conditions suffered during the past 12 months plus of incarceration during the Covid-19 pandemic, and the unlikelihood of recidivism.

**MEMORANDUM OF LAW AND REQUEST FOR VARIANCE**

**DEFENDANT IS ENTITLED TO A MINOR ROLE REDUCTION**

Mr. Garcia-Lopez is a lifetime fisherman since the age of 12. He was a crew member on the go-fast vessel. He did not have knowledge of the extent of the conspiracy. He did not share in the profits nor did he get paid for his involvement. His duties were not important to the conspiracy. He did not have a stake in the success of the venture. *See United States v. DeVaron,* 175 F.3d 930, 943-944 (11th Cir. 1999).

A defendant's offense level is reduced by two points if he or she is less culpable than most other participants and thus played a "minor role" in the offense. U.S.S.G. section 3B1.2(b) and commentary n.3. Whether a defendant is entitled to a reduction is a fact-specific inquiry that must be made on a case-by-case basis. *See DeVaron* at 938. All those who could be held criminally responsible for the charged conduct are "participants" regardless of whether they were arrested, or convicted. *See* U.S.S.G. section 3B1.1, commentary n.1.

Mr. Garcia-Lopez had no decision-making authority over how and when to move the drugs. Mr. Garcia-Lopez had no level of sophistication. His role was that of a crew member on the vessel that was transporting the drugs. He recruited no one. *See United States v. Jones,* 933 F.2d 1541, 1547 (11th Cir. 1991); *United States v. Delgado,* 56 F.3d 1357, 1371 (11th Cir. 1995); *United States v. Brazel,* 102 F.3d 1120, 1132-33, 1162-63 (11th Cir. 1997); *United States v. Matthews,* 168 F.3d 1234, 1249 (11th Cir. 1999). It is quite obvious that Mr. Garcia-Lopez was used to move the drugs so that those more significantly involved would not be exposed to other participants and/or risk being arrested.

An individual who serves as a delivery man or courier is not automatically entitled to a minor role adjustment. *United States v. Leon,* U.S. App. Lexis 15523 (2nd Cir. 2007). Nonetheless, couriers in numerous cases have been awarded the two level reduction pursuant to U.S.S.G. §3B1.2(b). See *United States v. Leon,* U.S. App. Lexis 15523 (2nd Cir. 2007) (granting a two level minor role reduction to a drug courier convicted of conspiracy to distribute 100 grams or more of heroin); *United States v. Vicari,* 228 Fed. Appx. 593 (6th Cir. 2007) (wherein a drug courier convicted of conspiracy to distribute 445 kilograms of marijuana received a two level reduction for his minor role); *United States v. McNeil,* 1998 U.S. App. Lexis 21660 (10th Cir. 1998) (approving a two level reduction for a drug courier convicted of conspiracy to distribute 11 kilograms of PCP); *United States v. Caruth,* 930 F. 2d 811 (10th Cir. 1991) (wherein a two level minor role reduction was granted to a drug courier convicted of conspiracy to distribute 50 kilograms of marijuana).

In United States v. Cruickshank, 837 F.3d 1182, 1192-95 (11th Cir. 2016), the Court addressed Amendments 635 and 794 to the Sentencing Guidelines and the non-exhaustive list of factors for the Court to consider in determining whether or not an individual as Mr. Garcia-Lopez is deserving of a minimal to minor role adjustment. The evidence, as to Mr. Garcia-Lopez, is indicative of the following: (i) he did not understand the scope and structure of the criminal activity; (ii) Mr. Garcia-Lopez had no participation in the planning or organizing of the criminal activity; (iii) Mr. Garcia-Lopez did not exercise decision-making authority or influence the exercise of decision-making authority; (iv) the nature and extent of Mr. Garcia-Lopez's participation is limited to the events of June 1-3, 2020; (v) Mr. Garcia-Lopez did not profit/benefit from his criminal activity; and (vi) Mr. Garcia-Lopez did not have a proprietary interest in the criminal activity. *Id*. at 1193-1194.

Based on all of the above, Mr. Garcia-Lopez is entitled to a minor role reduction.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2021, I electronically filed the foregoing document/pleading with the Clerk of the Court using CM/ECF.

Respectfully submitted,

MANUEL GONZALEZ, JR., ESQ.
121 Alhambra Plaza, Suite 1500
Coral Gables, Florida 33134
(305) 444-1400
(305) 938-5009 (FAX)
Mannylaw7@yahoo.com (E-Mail)

BY:  /s/Manuel Gonzalez, Jr.
    MANUEL GONZALEZ, JR., ESQ.
    FLORIDA BAR NO. 397997

-4-